RONAN et al. v. INDEMNITY MUT. MARINE ASSUR. CO., Limited.

(District Court, S. D. New York. February 18, 1904.)

**1. MARINE INSURANCE—AMOUNT OF INSURANCE—CLAIMS PAID—DEDUCTION.**

A tug, insured against injuries to other vessels, injured a schooner, whereupon the insurer demanded that the liability be determined by a suit at law, as authorized by the policy. During the pendency of such suit the tug injured a barge, for which the insurer admitted liability, and directed settlement on the best terms possible. Before the termination of the suit for injuries to the schooner the tug owners paid the owners of the barge $543.93 on account of the injuries to the barge, and thereafter the suit for injuries to the schooner was decided in its favor, and the insurers paid $1,310.57 under the policy as its proportion of the liability for injuries to the schooner, after which the tug owners paid to

the owners of the barge $1,715.21 additional, in final settlement. *Held,* that under a clause in the policy providing that all claims paid thereunder should reduce any further liability thereunder to the extent of the sums so paid, unless the amount was made good by additional insurance and an additional premium paid therefor, in the absence of the payment of additional premium the insurer was entitled to have the amount paid on the claim for the schooner deducted from the amount of the policy before determining the amount of its liability for the damages to the barge.

2. SAME—ARBITRARY DEDUCTIONS—CONCURRENT INSURANCE.

Where there was concurrent insurance for the same amount covered by defendant's marine policy, defendant was entitled to deduct $200 from a loss thereunder, under a provision of the policy that in all cases of claim $200 should be deducted.

In Admiralty.

James J. Macklin, for libelants.
Carpenter, Park & Symmers, for respondent.

HOLT, District Judge. This is an action to recover on a policy of marine insurance of the kind commonly known as a tower's liability policy issued by the respondent to the libelants. The policy was dated April 8, 1899, and, in consideration of $125 premium, insured the libelants in the sum of $2,500 against any damage arising out of any legal liability of the tug Komuk for injuries to other vessels, in tow or otherwise, from stranding or collision. The tug was valued in the policy at $5,555. The policy was for the term of one year from April 1, 1899. It provided that "all claims paid under this policy shall reduce any further liability thereunder to the extent of the sum or sums so paid, unless the amount be made good by additional insurance, and additional premium paid therefor." It also provided that in all cases of claim under the policy $200 should be deducted; that losses should be paid in the proportion which the amount insured bore to the value of the tug expressed in the policy; and that the insurance company should not be liable unless the liability of the tug had been first determined by a suit at law or otherwise, if the insurance company should so elect. On the same day another policy for the same amount, covering the same term, was issued to the libelants on the same tug by the United States Lloyds.

On July 15, 1899, the schooner Morris, in tow of the tug Komuk, was injured by a collision. The insurance company demanded that the liability of the Komuk for the damage should be determined by a suit at law, and a suit against the Komuk brought by the owner of the Morris was therefore defended. On January 2, 1900, while this suit was pending, the barge Heidritter, in tow of the Komuk, was injured by running upon a rock. The insurance company, after investigation, admitted that the Komuk was liable for this loss, waived any suit at law to determine it, and advised the counsel for the Komuk to make the best settlement with the owners of the Heidritter that was possible. Thereupon negotiations for a settlement were entered into between the libelants and the owners of the Heidritter. On March 22, 1900, the libelants paid the owners of the Heidritter $543.93 on account of such settlement. Thereafter the suit in regard to the liability of the Komuk for the injury to the Morris was decided in favor of the Morris, the

libelants paid the amount of the damage to the owners of the Morris, and on December 7, 1900, the insurance company paid to the libelants $1,310.57, under the policy in suit, as the insurance company's proportion of the damage sustained by the libelants by reason of their liability for the injury to the Morris. On December 20, 1900, the negotiations in regard to the Heidritter having been completed, the libelants paid to the owners of the Heidritter, in addition to the $543.93 previously paid, $1,715.21 in final settlement of the claim of the Heidritter against the Komuk. This action is brought to recover from the insurance company its proportion of the loss incurred by the libelants by the payments to the owners of the Heidritter.

The libelants claim that they are entitled to be paid by the insurance company the full amount which would have been due from the company by reason of the loss resulting from the injury to the Heidritter, without any deduction for the payment by the insurance company of the $1,310.57 for the loss resulting from the injury to the Morris. The respondent claims that the payment of the $1,310.57 for the loss resulting from the injury to the Morris reduced its further liability under the policy to the extent of the sum so paid. The counsel for the libelants argues that the insurance company, having admitted that the Komuk was liable for the injuries to the Heidritter, and having directed that a settlement should be made for such injuries on the best terms possible, without suit, became under a fixed liability under the policy for its proportion of whatever payments the libelants might make by reason of the injury to the Heidritter; that the libelants settled the Heidritter claim relying on the respondent's admission of the liability of the Komuk; that the respondent is therefore estopped from now setting up as a defense to the claim the subsequent payment for the loss on the Morris; that the fact that the second payment by the libelants on account of the injuries to the Heidritter was made after the payment by the insurance company on account of the loss on the Morris is immaterial; and that the second payment on account of the Heidritter should be regarded as being merely a part of the first payment made in March, and as though made at that time. But I cannot concur in this reasoning. The language of the policy, that all claims paid under it should reduce any further liability thereunder to the extent of the sum so paid, unless the amount was made good by additional insurance, and additional premium paid therefor, is plain. If the policy had contained no such provision, it seems to me entirely clear that, as soon as the insurance company paid one loss under the policy, its liability under the policy would thereupon be reduced that much. The evidence shows that it is customary, when a collision or stranding occurs which will probably give rise to a loss and payment under the policy, for the assured, if he wishes to do so, to apply to reinstate the original insurance, and that the company thereupon stamps an agreement to that effect on the policy, and the assured thereupon pays or becomes liable for an additional premium. No such application was made in this case, and no additional premium was paid or agreed to be paid, and I can see no justice in holding this insurance company for the full amount of the original insurance after it has paid, in settlement of a loss, a portion of the amount for which it had agreed to be liable under the policy. If the Heidritter

claim had been settled and the insurance on it paid before the Morris claim arose, a much less sum would have been due on the Morris claim. It seems to me obvious that the libelants, having neither paid nor agreed to pay any additional premium, cannot collect full insurance on both claims without any reduction of liability on the policy by reason of either payment.

The respondent, in computing the amount which it admits to be due, asserts the right to deduct $200 from the amount of the claim, in accordance with the provisions of the policy. The libelants claim that, as there was concurrent insurance for the same amount, only half of that sum should be deducted, or $100. In my opinion, the respondent's claim is correct. The object of inserting in these towage liability policies a small amount to be deducted for what is called particular average is, as I understand it, to prevent trivial claims being made under these policies. The entire provision in the policy as to this deduction is as follows:

> "All losses shall be payable in sixty days after proofs of loss * * * shall have been made and presented at the office of this company; the amount of any and all indebtedness to this company shall be first deducted therefrom, and in all cases of claim hereunder $200 shall also be deducted."

I think that the $200 is to be deducted in the same way as the indebtedness to the company is to be deducted. Obviously the indebtedness to the company should be deducted, not from the total amount of the loss, but from the share of the loss to be paid by the company; otherwise the debt due to the company would not be fully paid. The language of the policy in reference to the deduction of $200 is clear and unambiguous. The fact that the company's agents, in computing the amount due, originally charged the $200 against the total loss, would be weighty if the construction of the language of the $200 clause were doubtful; but, as it seems to me not doubtful, I do not think that the company's legal rights are affected by any error in the original computation.

My conclusion is that the libelants are only entitled to recover from the respondent the amount due after reducing the original insurance by the amount of the payment made for the loss on the Morris, and after deducting $200 from the respondent's share of this loss. There will be a decree for the libelants for the amount so computed, with interest, and, as the respondent in the answer denied any liability, with costs.